UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN DOE; ROSA VADI ARCELAY<br><br>       Plaintiffs,<br><br>-against-<br><br>GREGORY RUSS, as Chair and Chief Executive Officer of the New York City Housing Authority,<br><br>and<br><br>New York City Housing Authority,<br><br>       Defendants. | 20-cv-  07769-AT |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION REQUESTING LEAVE TO PROCEED PSEUDONYMOUSLY OR, IN THE ALTERNATIVE, FOR AN ORDER SEALING THE COMPLAINT**

  Plaintiff JOHN DOE, proceeding pseudonymously as JOHN DOE ("Mr. Doe" or "Plaintiff Doe"), through his attorneys, Manhattan Legal Services, respectfully submits the below Memorandum of Law in support of Plaintiff Doe's Motion requesting leave to file his Complaint and proceed in litigation pseudonymously or, in the alternative, for an order sealing the Complaint.

***I. LEGAL FRAMEWORK GOVERNING MOTIONS TO PROCEED PSEUDONYMOUSLY***

  Fed. R. Civ. Pro. 10(a) requires that the title of a complaint name all parties. However, courts have approved of plaintiffs litigating under a pseudonym in certain circumstances. *See Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189 (2d Cir. 2008). Where determining whether a plaintiff should be permitted to proceed pseudonymously, courts must balance the

plaintiff's interest in anonymity against both the public interest in disclosure and any prejudice to the defendant. *Id.* To guide the courts in determining whether a plaintiff may proceed under a pseudonym, the Second Circuit has provided a "non-exhaustive" list of factors to consider, including:

> (l) whether the litigation involves matters that are highly sensitive and [of a] personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the…party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of [their] age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press [their] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiffs identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-190 (internal quotation marks and citations omitted).

## II. *MATERIAL FACTS RELEVANT TO PLAINTIFF DOE'S MOTION*

An analysis of the factual allegations in the case at bar supports Plaintiff Doe's request to proceed pseudonymously. Plaintiff Doe is a domestic violence and trafficking survivor living with HIV and other disabilities. Plaintiffs' Complaint ("Compl. ") ¶ 17, 127–128. Plaintiff Doe is the primary caretaker for his mother, Plaintiff Rosa Vadi Arcelay ("Plaintiff Vadi Arcelay" or "Ms. Vadi Arcelay"), who lives with stage four cancer and is a wheelchair user. *Id.*, ¶ 224. For nearly twenty years, Plaintiff Doe has tried to obtain a wheelchair-accessible unit for himself, Ms. Vadi Arcelay, and his now-deceased sister, who lived with paraplegia. *Id.*, ¶ 96–214. NYCHA repeatedly failed to properly process the family's numerous applications and failed to

provide accessible housing for the family. *Id.* Such failures have included a NYCHA agent's impermissibly forcing Plaintiff Doe to relinquish his domestic violence housing priority status in order to apply for priority as a recipient of HASA, a public benefit available for people living with HIV and AIDS. *Id.*, ¶ 128. Additionally, NYCHA failed to process and/or comply with the family's numerous requests for a wheelchair-accessible unit, including requests made both before the family moved into NYCHA housing and after the family moved into NYCHA housing. *Id.* ¶ 96–214.

Mr. Doe moved in the NYCHA apartment, in part, because his abuser knew where he and Ms. Vadi Arcelay previously lived and would come to their home and beat Mr. Doe. Compl., ¶¶ 153–54. Consequently, Mr. Doe feared for his physical safety and for Mr. Vadi Arcelay's mental health if the attacks continued.

Due to Defendants' discriminatory treatment, the family has been physically torn apart. NYCHA's ongoing failures have caused Plaintiffs metal anguish, humiliation, and embarrassment. Additionally, as a result of the discrimination, the family has experienced financial hardship.

### III. THE SEALED PLAINTIFF *FACTORS SUPPORT PLAINTIFFS' MOTION TO PROCEED PSEUDONYMOUSLY.*

#### A. *The litigation involves matters that are highly sensitive and of a personal nature.*

##### 1. HIV Status

The matters at issue in this case include allegations of discrimination based on Plaintiff Doe's receipt of benefits tied to his HIV status. Such status is highly sensitive and personal in nature, and people living with the disease are highly stigmatized, as is evidenced by the case at bar. As such, federal and state NY courts have granted people living with HIV/AIDS, and other sexually and blood-transmitted diseases, to proceed pseudonymously. *EW v. New York Blood*

*Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003) (allowing plaintiff to proceed pseudonymously based on her legitimate fear of embarrassment and stigmatization based on her contraction of HBV, "which like AIDS is a sexually and blood-transmitted disease...."); *see also Doe v. Madison Medical*, 12 Misc.3d 1181(A) (N.Y. Sup. Ct. 2006) (claims relating to plaintiff's infection with AIDS as a result of being struck by a needle); *Doe v. Jamaica Hosp.*, 202 A.D.2d 386 (2d Dep't 1994) (claims relating to discrimination against HIV-positive hospital patient); *Doe v. Hemophilia Center of Rochester*, 244 A.D.2d 853 (4th Dep't 1998) (claims relating to decedent's infection with AIDS as a result of contaminated blood products). Such treatment is in line with protecting plaintiffs' privacy in cases concerning intimate issues, such as sexual assault, abortion, sexual orientation, and status as an AIDS patient. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (listing cases).

Moreover, Courts have largely granted such pseudonymity absent a specific showing of harm where the subject matter is extremely sensitive in nature, such as whether a person lives with a disease that is communicated through sexual conduct or blood-transfusion. *See e.g.*, *New York Blood Center*, 213 F.R.D. at 112 ("Although plaintiff has made no particularized showing of any specific harm or stigma...questioning relating to plaintiff's method of contracting [hepatitis B] will inevitably involve issues relating to her sexual conduct of great intimacy....Thus, plaintiff's privacy concerns appear to be substantial ones, and long-recognized in the cases."); *W.G.A. v. Priority Pharmacy, Inc.*, 184 F.R.D. 616, 617 (E.D.Mo. 1999) ("It is understandable that plaintiff does not wish to be publicly identified as an individual with AIDS, which is a personal matter of the utmost intimacy. Persons with AIDS may be subjected to discrimination in the workplace, schools, social settings and public accommodations."); *Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437, 439, 439 n. 1 (S.D.N.Y.1988) ("Cases where a

party risks public identification as a homosexual...raise privacy concerns that have supported an exception....This court's decision to permit Doe to proceed pseudonymously reflects a concern for his public identification as a homosexual, not as a concern for his employment [prospects].").

Here, Plaintiff Doe is at risk of harm if he is required to proceed using his legal name because of the heightened stigma associated with HIV, which subjects people living with the disease to discrimination in health care settings, workplaces, social settings and public accommodations. Additionally, Defendants' discriminatory treatment of Plaintiff Doe and his mother has caused him emotional harm. Plaintiff risks further emotional harm if he is forced to pursue this claim under his own name.

### 2. Status as a survivor of domestic violence and trafficking

Additionally, courts have recognized the particular vulnerability of victims of domestic violence and sexual violence, and allowed them to proceed anonymously. *Doe v. Nygard*, 20 Civ 6501 (ER) (S.D.N.Y. Aug. 20, 2020) (allowing two alleged rape survivors to proceed pseudonymously and noting that "that this litigation involves matters that are highly sensitive and personal in nature"); *Roe v. St. Louis Univ.*, No. 4:08CV1474 JCH, 2009 WL 910738, at *5 (E.D. Mo., Apr. 2, 2009) (allowing plaintiff to proceed under pseudonym where complaint included the fact that plaintiff is a rape victim and noting that status a rape victim is "a personal matter of the utmost intimacy"); *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("fictitious names are allowed when necessary to protect the privacy of...rape victims, and other particularly vulnerable parties or witnesses"); *Doe v. Marvel*, No. 1:10-cv-1316-JMS-DML, 2010 U.S. Dist. LEXIS 130557, at *5 (S.D. Ind. Dec. 8, 2010) ("Plaintiff's allegations that she was raped and assaulted...would require her to disclose matters of the utmost intimacy"); *see also E.A. v Brann*, 2018 US Dist LEXIS 143208, at *10 (SDNY

Aug. 22, 2018) (acknowledging domestic violence as "risk of the kind that the second factor seeks to protect").

In addition, requiring Plaintiff Doe to proceed in this case under his actual name may have a chilling effect on others who face discrimination based on their highly stigmatized characteristics. *See e.g. Kolko* 242 F.R.D. at 195.

Here, Plaintiff Doe is at risk of harm if required to proceed using his legal name because his status as a victim of domestic and sexual violence will be part of the public record. This action, in part, challenges NYCHA requiring that Mr. Doe withdraw his domestic violence priority housing status in order to apply for priority as a person receiving services from HRA's HIV/AIDS Services Administration. As such, the complaint includes the fact that plaintiff is a domestic violence survivor. If forced to proceed with his name, Plaintiff Doe will experience additional emotional harm.

### B. Disclosure of Mr. Doe's identity poses a risk of physical or mental harm to himself and his mother.

Courts have also allowed plaintiffs to proceed pseudonymously where disclosure of their identities would endanger their safety or that of their families: "the public interest is poorly served by, in effect, compelling a litigant to choose between securing his family's safety and enforcing his fundamental constitutional rights." *Doe v. Whitmer*, No. 1:19-cv-422, 2019 U.S. Dist. LEXIS 164345, at *4-5 (W.D., Mich. July 1, 2019); *see Doe v. City of Indianapolis*, No. 1:12-cv-00062-TWP-MJD, 2012 U.S. Dist. LEXIS 24686, at *5 (S.D. Ind. Feb. 27, 2012) ("Courts have noted that anonymous name status may be granted where the plaintiff is a minor, rape or torture victim, a closeted homosexual, or a likely target of retaliation by people who would learn his identity only from a judicial opinion or other court filing.")

In this case, Mr. Doe is a survivor of domestic violence and trafficking. Compl., ¶¶ 103, 153–54. He and Ms. Vadi Arcelay moved into their current residence specifically to escape harm from Mr. Doe's abuser. *Id.*, ¶¶ 153–54. It is unlikely that Mr. Doe's abuser would learn his current address via any other method but a judicial opinion or court filing; thus, disclosure of Mr. Doe's name and his current address would place him at risk of further stalking and abuse, and his mother at risk of witnessing further abuse inflicted upon her son.

### C. *This suit challenges the actions of the government.*

Courts favor anonymity in lawsuits against the government. "[W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong." *New York Blood Ctr.*, 213 F.R.D. at 111.

The public interest also weighs in favor of allowing Plaintiff to proceed anonymously because Defendants are governmental entities. When a plaintiff challenges governmental action, the judicial process serves as a significant check on abuse of public power. Thus, as the courts have noted, it is in the public interest that the price of access to the courts not be too high. *New York Blood Center,* 213 F.R.D. at 112-13; *see also id.* at 111 (reasoning in part that in such circumstances "plaintiff presumably represents a minority interest (and may be subject to stigmatization…" and "the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant.")

Defendants herein are a public housing authority and its chairperson, sued in his official capacity. NYCHA is a body corporate and politic established by the New York State Legislature, and it receives local funds as well as funding from the United States Department of Housing and Urban Development. Compl., ¶ 21. Consequently, its actions constitute governmental actions. *See R. N. v. Franklin Cmty. Sch. Corp.*, No. 1:19-cv-01922-MJD-TWP, 2019 U.S. Dist. LEXIS

154538, at *6 (S.D. Ind. Sep. 11, 2019) ("Defendants, an Indiana public school corporation and its school board, receive federal funding, which forms the basis for Plaintiffs' claims.").

### D. Defendants will not be prejudiced if this court allows Mr. Doe to proceed pseudonymously.

While Plaintiff would be harmed if required to proceed using his name, Defendants are unlikely to suffer the type of prejudice that would disfavor allowing Plaintiff to proceed anonymously. Defendants are already aware of Plaintiff's identity. Allowing Plaintiff to proceed under a pseudonym will not inhibit Defendants' ability to litigate this case. *See Doe v. Colgate Univ.*, 2016 U.S. Dist. Lexis 48787, *10 (N.D.N.Y. Apr. 12, 2016); citing *Kolko*, 242 F.R.D. at 198 ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers."); *see also Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (allowing gay plaintiff to proceed pseudonymously and reasoning that Defendant will not be harmed because it already knows plaintiff's identity and "it will have full discovery rights as the case progresses, and it will only be barred from using or disclosing the fruits of its discovery for purposes other than the defense of this action.").

### IV. CONCLUSION

For the reasons stated above, Plaintiff Doe respectfully requests that this Court allow him to proceed pseudonymously in this case or, in the alternative, for an Order sealing Plaintiff's Complaint.

Dated: New York, New York
September 21, 2020

Manhattan Legal Services
Iris Bromberg
Rachel W. W. Granfield